In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America,<br>Plaintiff<br>vs.,<br>Wilfredo Hernandez-Massa,<br>Defendant. | Criminal No.: 16-750 (DRD) |

Sentencing Memorandum

To the Honorable Daniel R. Dominguez

Wilfredo Hernandez-Massa knows how delicate life is. He knows how in an instant it can all come to an end. Wilfredo does not want to spend his life without freedom. Instead, he wants to be with his family and loved ones, take care of himself and enjoy a productive life.

Wilfredo is a man who has a plan. Wilfredo wants to complete his education, work and be the best father he can be to his only daughter Wilyhorian. Wilfredo has the eye on the ball –and there is no stopping him.

At the time of sentencing, it is respectfully requested that this Honorable Court sentence Wilfredo Hernandez-Massa to a term of imprisonment of 21 months- the lower end of the applicable guideline range - followed by a lengthy term of supervised release of 3 years - the maximum term of supervision allowed by statute.

## Wilfredo's Plan

1) To further his education.

Wilfredo has a high school diploma and has attempted to further his education on two occasions. During his first attempt, Wilfredo studied refrigeration – although he did not complete the course, he is well versed in the field. The second time around, Wilfredo enrolled to further his knowledge as a barber and earn a barber certification. He did not complete the program, but considers himself a barber. Up until the arrest for this case, he freelanced as a barber and earned some money to make ends meet.

It is important to recognize that these two failed attempts were *right after graduating from high school.* At the time, Wilfredo was under 20 years of age – and like many young adults, lacked maturity to follow through with the program. Today, at 28 years old, a mature Wilfredo wants to go back to school to finish what he started - the barber certification program.

Wilfredo also wants to learn English in order to be more marketable as an employee. He acknowledges that a second language can open doors for him in Puerto Rico and in the Continental United States. He has family in Orlando, Florida, family which he plans on visiting regularly- so English is going to be needed in order to have successful trips to Florida.m

2) To work and be gainfully employed.

Wilfredo wants to work. He needs to be gainfully employed so he can continue to provide to his dear daughter and be able to live and be an independent adult. He knows his best bet is to continue working as a barber as he finishes the certification. Once he has the certification under his belt, he is in a better position to secure stable employment.

3) Be a present and a good father.

Wilyhorian's mother moved to Orlando, Florida a little after the commencement of the instant case. Like many Puerto Ricans, the move was done in search of better life opportunities in the United States – better job options, better education, better medical care and better quality of life. Wilfredo did not oppose to having his daughter move to Florida, as he knew she would be in a better place to grow up.

Wilfredo misses his daughter deeply. Thankfully, he has kept in touch via letters and telephone calls. He has a good relationship with Wilyhorian's mother. His biggest motivation to further his studies and earn money is to be able to fly to Orlando to visit her and spend time with her. He wants to be able to go multiple times a year and to also fly her back to Puerto Rico for family celebrations. He does not want the physical separation to strain the father/daughter relationship.

Wilfredo does not want to spend any more time away from his darling daughter. This has become his north and biggest inspiration to part with his bad decisions that led to his arrest for the instant offense.

## 18 U.S.C. § 3553(a)

This Honorable Court must take into account the factors enumerated in 18 U.S.C. § 3553(a) in order to impose a sentence that is sufficient but not greater than necessary to accomplish the statutory goals of federal sentencing. In doing so, the seriousness of the offense, the promotion of adequate deterrence, and protection to the public from further crimes must be addressed.

Mr. Hernandez-Massa will not try to minimize the potential for harm to victims that the proliferation of illegal firearms has in this Island. Illegally possessing a machine gun is a very serious offense. Nevertheless, in the spectrum of offenses in the United States Code, Mr. Hernadez-Massa's conduct is not the most serious of offenses, especially when one consider his conduct in light of the totality of the circumstances. Moreover, the offense in this case did not involve use or brandishing of the firearms, no use of violence and, in that sense, a lengthy term of imprisonment is not necessary to punish Wilfredo. Wilfredo's needs for rehabilitation would be better served during his time on supervised release where he can better himself in the process of re-entering into the community. He has the some of the tools and support system to thrive when he returns to his community.

Undoubtedly, the sentences imposed in these types of cases need to reflect the seriousness of such offenses and the need to punish the actor. In so doing, however, the sentence imposed should take into consideration that theories of retribution are concerned more with past actions than with a person's probable

future conduct or the effect that punishment will have on crime rates or otherwise.[1] As in this case, the seriousness of the offense may be lessened if the crime was, for instance, non-violent. Therefore, a severe sentence is unnecessary to deter Mr. Hernandez-Massa from re-offending

    Moreover, empirical research shows no correlation between the length of a sentence and the goal of deterring others. Certainty in punishment has been found to have a deterrent effect, but increases in the severity of punishments do not yield significant marginal deterrent effects, if any.[2] Even the Department of Justice - through its research, development and evaluation agency, the National Institute of Justice (NIJ) - has expressed that, when it comes to deterrence, "increasing the severity of punishment does little to deter crime."[1] The NIJ has said that "sending an offender to prison isn't a very effective way to deter crime. Prisons are good for punishing criminals and keeping them off the street, but prison sentences are unlikely to deter future crime. Prisons may actually have the opposite effect: Inmates learn more effective crime strategies from each other, and time spent in prison may desensitize many to the threat of future imprisonment."

---

[1] Richard S. Frase, *Excessive Prison Sentences, Punishment Goals, and the Eighth Amendment: "Proportionality" Relative to What?*, 89 Minn. L. Rev. 571, 590 (February 2005).
[2] See Michael Tonry, *Purposes and Functions of Sentencing, Crime and Justice*, vol. 34 (2006), pp. 28-29.

### A lengthy term of supervised release

Being under the direct supervision of a United States Probation Officer ("USPO") for 3 years is a better option than a lengthy term of imprisonment. For 3 years, Wilfredo's life will be dissected by the supervising officer. It will be 3 years of good advice, guidance and assistance to Wilfredo's re-entry plan. Three years for him to learn how make better choices that will lead him to become a productive member of society. This type of advise and tools are not found in jail – so the sooner Wilfredo is out, the sooner he may begin to rebuild his life.

Wilfredo needs help, but he is not starting from scratch. He does have the basic tools to succeed during his term of supervised release. He has a family support system, he *wants* to work and he has some skills that make him marketable and can help him jump ahead in the employment and furthering educational skills requirements. He also has the *maturity* and the *drive* to succeed during supervision. At his age and after going through some tough experiences in life, Wilfredo knows better and does not want to find himself in any more trouble by not complying with the conditions imposed during this supervision.

### Conclusion

Detained since November 29, 2016 – as of today Wilfredo has served a little over 13 months of imprisonment. When sentenced by this Honorable Court, he will still have 8 more months to go. Wilfredo is eager to "pasar la pagina y comenzar de nuevo."

Wilfredo is determined to succeed during his supervision, be with his supportive family and put his plan to action. He has the eye on the ball and has no intention of letting himself or anyone down.

Wherefore, it is respectfully requested that his Honorable Court take notice of the information presented in this memorandum and sentence Mr. Hernandez-Massa to a term of imprisonment of 21 months followed by a term of Supervised Release of 3 years.

I hereby certify, that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system which will send electronic notification of said filing to all parties of record.

Respectfully submitted.

In San Juan, Puerto Rico, on January 19, 2018.

Eric A. Vos  
Federal Public Defender  
District of Puerto Rico

S/ Vivian I. Torralbas-Halais  
Vivian I. Torralbas-Halais  
Assistant Federal Public Defender  
USDC-PR 2131601  
241 F.D. Roosevelt Avenue  
San Juan, Puerto Rico 00918-2305  
(787) 281-4922 Ext. 224  
vivian_torralbas@fd.org